IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROHAN L. FRAY,

Petitioner,

v.

WARDEN E. EMMERICH,

Respondent.

OPINION and ORDER

24-cv-838-jdp

---

Rohan L. Fray, proceeding without counsel, is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Fray seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the Bureau of Prisons stripped him of his good-conduct time. I directed the government to respond to the petition. After considering the parties' submissions, I will deny Fray's petition.

BACKGROUND

Fray is currently serving a sentence for conspiracy to distribute cocaine and heroin and conspiracy to commit money laundering. *United States v. Fray*, No. 10-cr-6213 (W.D.N.Y. Apr. 27, 2015). He is housed at FCI-Oxford.

On October 23, 2024, Fray was issued an incident report for having an unauthorized outlet wired into the light switch in his cell; rather than the ordinary single light switch, the switch was accompanied by an outlet. There was no work order authorizing the modification of the switch. In an interview, Fray stated that he had moved into the cell two weeks previous, that he had seen the modified switch but "didn't know it was a big deal" and that his cellmate told him that an inmate previously in that cell had put in a work order for the modification.

Dkt. 14-4, at 4.[1] Fray was charged with "possessing a hazardous tool" because unauthorized outlets were known to trigger circuit breakers, violate building codes, and present a shock threat.

A disciplinary hearing was set. Fray signed a form stating that he did not wish to have a staff representative and did not wish to call witnesses. The hearing was held before Discipline Hearing Officer L. Russell. Fray declined to have a staff representative, call any witnesses, or present any evidence. Russell asked if Fray had a statement and he stated, "I moved into the room and seen it and asked the officer if a work order was put in and he said yes." Dkt. 14-7, at 4. But there was no evidence of a work order having been placed, and the officer who issued the incident report was the officer who would have submitted a work order; that officer confirmed that there was no work order.

Russell issued a decision stating that inmates are responsible for any unauthorized items or contraband in their cells. Russell found Fray guilty of possessing a hazardous tool and imposed various sanctions, including the loss of 41 days of good-time credit.

Fray filed this habeas action 22 days after his hearing but five days before he received Russell's written report. After receiving the report, Fray didn't file an administrative appeal.

ANALYSIS

Fray contends that he was punished for having the modified electrical switch in his cell even though the modification was there before Fray was assigned to the cell and there was no evidence that Fray had anything to do with installing it. I construed Fray's petition as bringing

---

[1] For documents submitted by the parties I will refer to the page numbering in the court's electronic filing system rather than the internal pagination of those documents.

a due process challenge to the disciplinary conviction, based on there being no evidence supporting his guilt.

The government contends that Fray's petition should be denied for two reasons: (1) Fray didn't exhaust his administrative remedies before filing the petition; and (2) Fray's due process argument fails on the merits.

## A. Exhaustion

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). A disciplined prisoner begins the administrate review process by appealing the written decision of the hearing officer. Fray didn't do that here: he filed this habeas petition a few weeks after the disciplinary hearing, without waiting for Russell's written decision, which he received about five days after he mailed the habeas petition. Even after that, Fray didn't file an appeal of that written decision.

Under certain circumstances I may excuse a petitioner's failure to exhaust his administrative remedies, *see Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004), but Fray doesn't persuade me that it is appropriate to do so here. He argues that his ability to exhaust his administrative remedies was thwarted by Russell failing to issue the written disciplinary report within ten workdays of the hearing, citing an outdated version of BOP Program Statement 5270.09. The current version of that statement states, "The [hearing officer] gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." Dkt. 14-1, at 36. This policy doesn't place a hard 15-workday deadline on hearing officers to issue their written reports, and courts have rejected the argument that a belatedly issued written report blocks a prisoner from exhausting his

3

administrative remedies. *See Lee v. Ciolli*, No. 21 C 50159, 2021 WL 12408545, at *2–3 (N.D. Ill. Nov. 22, 2021); *Moon v. Walton*, No. 12-CV-1152, 2014 WL 788895, at *2 (S.D. Ill. Feb. 27, 2014). Fray could have waited to receive the report and then file an appeal, or he could have filed an appeal saying that the hearing officer was delaying his ruling. But because he attempted neither route, I conclude that he failed to exhaust his administrative remedies.

## B. Merits

My ruling that Fray failed to exhaust his administrative remedies is fatal to his petition. But even had I excused this failure, Fray's petition would fail on the merits.

Fray brings a due process claim regarding his disciplinary proceeding. Due process protections apply only when a protected liberty or property interest is at stake. *See Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010). Fray has a protected liberty interest in the good-time credits that he earned. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). When a prisoner loses good-time credits, courts have held that a prisoner is entitled to: (1) written notice of the claimed violation at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision maker; (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (4) a decision supported by "some evidence." *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974).

The only issue in this case is whether there was "some evidence" of Fray's guilt. "Some evidence" is a "lenient standard requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), as amended, (Aug. 18, 2000) (internal citation and quotation marks omitted). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise

arbitrary." *Id.* (citation and internal quotation marks omitted). Evaluating whether some evidence supports a disciplinary decision "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

I conclude that there was some evidence that Fray possessed a dangerous tool because it is undisputed that Fray was aware of the modified switch and had asked about it. He states that both his cellmate and an officer told him that there was a proper work order for the modification. But hearing officer Russell didn't believe Fray: it turns out that there was no work order recorded for the modification and that the officer usually responsible for approving those work orders was the very officer who issued the incident report. It is also undisputed that prison rules consider prisoners responsible for everything in their cells. In short, I take the government's position to be that even though the modified switch was already there when Fray moved in, he should have immediately reported it, and his failure to do so ultimately resulted in the discipline against him.

Fray argues that this decision was unfair, as it is undisputed that he didn't install the modification himself. Fray makes a fair point; reasonable minds could disagree about whether prison officials exercised their discretion wisely in choosing to punish Fray. But my review is limited to whether there was some evidence supporting the finding of guilt, and I conclude that Fray's disciplinary proceedings met this standard. *See Deninno v. Martinez*, No. 07-cv-132-bbc, 2007 WL 5445546, at *2 (W.D. Wis. May 24, 2007) ("Petitioner's 'possession' [of an electrical wire protruding from his cell wall] may have been a technical violation, but it was one

that the prison was within its rights to sanction."). Therefore Fray's due process rights were not violated.

ORDER

IT IS ORDERED that:

1.  Petitioner Rohan L. Fray's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2.  The clerk of court is directed to enter judgment and close this case.

Entered April 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge